IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| | § | CASE NO. 6:09CR9-3 |
| vs. | § | |
| | § | |
| | § | |
| JUAN PRIETO RETANO | § | |
| | § | |
| | § | |

# REPORT AND RECOMMENDATION
# ON REVOCATION OF SUPERVISED RELEASE

The Government moved to revoke Defendant Juan Prieto Retano's supervised release based on violations of his supervised release conditions. Defendant waived his right to a revocation hearing and pleaded "true" to Allegation 6. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to 24 months of imprisonment with no further supervised release.

*Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Disribute and Distribution of 500 Grams or more of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, Defendant was sentenced on June 23, 2010, by the Honorable Leonard Davis, United States District Judge, to 87 months of imprisonment or time served to be followed by 5 years of supervised release. Defendant completed his term of imprisonment and began serving his term of supervised release on November 13, 2015.

1

*Allegations*

In the Petition for Warrant or Summons for Offender Under Supervision filed on May 6, 2016, United States Probation Officer Ben Sanders alleges that Defendant violated the conditions of his supervised release that state: (1) the defendant shall not commit another federal, state, or local crime; (2) the defendant shall not illegally possess a controlled substance; (3) the defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month; (4) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; (5) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; and (6) the defendant shall abstain from the consumption of alcohol.

More specifically, it is alleged that Defendant was arrested on May 5, 2016 in Smith County for allegedly committing the offenses of Possession of a Controlled Substance, a 2nd Degree Felony; and Tamper/Fabricate Physical Evidence, a 3rd Degree Felony. On April 24, 2016, Defendant was arrested in Tyler, Texas, for reportedly committing the offense of Public Intoxication. Defendant reportedly possessed a controlled substance on May 5, 2016.

On February 3, 2016, Defendant allegedly submitted a monthly report with untruthful information in that he failed to report association with a felon and law enforcement contact that occurred on January 31, 2016. On May 5, 2016, Defendant reportedly possessed a controlled substance. He admitted on April 5, 2016 both verbally and in writing to using methamphetamine on April 1, 2016. Defendant allegedly associated with Jose Mejia, Jr. on January 31, 2016, and

he did not have permission to associate with Mr. Mejia.  Finally, it is alleged that the Tyler Police Department arrested Defendant for Public Intoxication on April 24, 2016 when he attempted to purchase alcoholic beverages at a gas station.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1).  Pursuant to 18 U.S.C. § 3583(g), the Court also shall revoke the term of supervised release if Defendant possessed a controlled substance in violation of his conditions.  Evidence of drug use is sufficient to support a finding of possession of a controlled substance within the meaning of 18 U.S.C. § 3583(g).  *See U.S. v. Smith*, 978 F.2d 181 (5th Cir. 1992).  In the present case, Defendant's original offense of conviction was a Class A felony.  Accordingly, the maximum sentence the Court may impose is 5 years of imprisonment.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offenses of Possession of a Controlled Substance and Tamper/Fabricate with Physical Evidence, and by using and thereby possessing methamphetamine as alleged in the petition, he is guilty of a Grade B violation.  U.S.S.G. § 7B1.1(a).  Defendant's original criminal history category was I.  The Guidelines, therefore, provide that Defendant's guideline range for a

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings."  *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

Grade B violation is 4 to 10 months of imprisonment. U.S.S.G. § 7B1.4(a). If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Public Intoxication, submitting an untruthful report and associating with a convicted felon without permission as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of I, the applicable guideline range for a Grade C violation is 3 to 9 months of imprisonment. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

*Hearing*

On August 23, 2016, Defendant appeared for a final revocation hearing. Defendant's counsel, Assistant Federal Defender Ken Hawk, announced that Defendant and Assistant United States Attorney Bill Baldwin reached an agreement for Defendant to enter a plea of true to Allegation 6 and to jointly request a sentence of 24 months of imprisonment with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 6. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Ft. Worth.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 6 is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 24 months of imprisonment with no further

supervised release.  Although the sentence is above the applicable guideline range for the violation, the sentencing guidelines are non-binding and the sentence represents a fair adjudication based upon the agreement of the parties.  Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's term of supervised release be **REVOKED** and that he be sentenced to 24 months of imprisonment with no further supervised release.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is, therefore, recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 24 months of imprisonment with no further supervised release.

So ORDERED and SIGNED this 23rd day of August, 2016.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE